UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY FILED
Sep 21 2018
U.S. DISTRICT COURT
Northern District of WV

DIANA MEY, individually and on behalf of a class
of all persons and entities similarly situated,

      Plaintiff,

vs.

Case No. 5:18-CV-161 (Stamp)

PROTECT AMERICA, INC.,
WAHAB GLOBAL COMMUNICATIONS, LLC,
and MAHTAB AFGAN,

      Defendants.

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Diana Mey brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Plaintiff brings the action to enforce the TCPA in the face of rampant illegal telemarketing in the home-security industry.

3. Here, Defendant Protect America, Inc. ("PAI"), which describes itself as a leading provider of wireless home security in North America, retained Defendant Wahab Global Communications, LLC ("Wahab Global") to obtain new customers for PAI using telemarketing.

4. Defendant Wahab Global – acting on behalf of Defendant PAI and as its agent – placed an illegal telemarketing call to Plaintiff's cellular telephone number, which has been on the National Do Not Call Registry for many years, without her express consent, in violation of the TCPA.

5.      Because the call to the Plaintiff was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar illegal calls.

6.      A class action is the best means of obtaining redress for the Defendants' illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

7.      Plaintiff Diana Mey resides in this district.

8.      Defendant Protect America, Inc. is a Texas corporation with its principal place of business in Austin, Texas. It transacts business throughout the United States, including in this district.

9.      Defendant Wahab Global Communications, LLC is an Ohio limited liability company with its principal place of business at 5076 Criterion Way in Dublin, Ohio. Wahab Global transacts business throughout the United States, including in this district.

10.     Defendant Mahtab Afgan owns and operates Defendant Wahab Global. At all times, Mr. Afgan directed Wahab Global's operations, and is liable for its illegal calls as alleged below.

### Jurisdiction & Venue

11.     This Court has federal question jurisdiction under 28 U.S.C. § 1331.

12.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim – namely, the automated calls to the Plaintiff – occurred in this district.

**Statutory Background**

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14.     Perhaps the most well-known aspect of the TCPA was the creation of the National Do Not Call Registry. By adding a telephone number to the Registry, a consumer indicates her desire not to receive telephone solicitations.  *See* 47 C.F.R. § 64.1200(c)(2).

15.     Accordingly, the TCPA and its implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

16.     The TCPA also makes it unlawful to (1) make calls to cellular telephone lines using an "automatic telephone dialing system," or (2) make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

17.     The FCC has explained that such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

18.     Because allowing an entity "to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions," the FCC has consistently held that a corporation or other entity "may be held vicariously liable under federal common law principles

3

of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

19.     Under the TCPA, an individual such as Defendant Afgan may be personally liable for TCPA violations under 47 U.S.C. § 217, which provides that "the act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." *Id.* (emphasis added). *See also Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

20.     Defendant Afgan is personally liable under the "participation theory" of liability because he is believed to be the only officer of Defendant Wahab Global, knew of its TCPA violations, and caused it to commit those violations.

21.     Defendant Afgan authorized and oversaw all of Defendant Wahab Global's telemarketing processes.

22.     Defendant Afgan identifies himself as a "seasoned call center executive, sales leader and strategist." *See* https://www.freelancer.es/u/mahtab7 (Last Visited July 9, 2018).

## Factual Allegations

### *Calls from Defendants PAI and Wahab Global*

23. On May 24, 2018, Defendant Wahab Global made a telemarketing call to Plaintiff's cellular telephone line, (304) 242-XXXX, a number that had been listed on the National Do Not Call Registry for more than 31 days prior to the calls at issue.

24. Plaintiff's caller ID showed that the call was placed from (703) 225-5000.

25. Other persons have complained about receiving calls from this number. For example, the website Nomorobo identifies this number as "a Robocaller." *See* https://www.nomorobo.com/lookup/703-225-5000 (Last Visited July 9, 2018).

26. Additionally, the website "Should I Answer?" has identified four ratings for this number, all of which are "negative" and associated with unsolicited telemarketing. *See* https://www.shouldianswer.com/phone-number/7032255000 (Last Visited July 9, 2018).

27. The telephone number (703) 225-5000 is not the Defendants' actual number. It is a number for persons to call to request birth certificates in Alexandra, Virginia. *See* https://www.alexandriava.gov/uploadedFiles/Homepage_Quicklinks/info/annual_report_1999/ar99_frequentlycallednos.pdf (Last Visited July 9, 2018).

28. Defendant Wahab Global "spoofed" the number on the caller ID. That is, it used a false number on the caller ID in order to mask the fact that the caller was a telemarketer, and to mask the identity of the caller generally.

29. When Plaintiff received the call, she heard a distinctive "click and pause" sound when she picked up the phone.

30. This sound is consistent with use of a predictive dialer, which is automated dialing equipment subject to the TCPA's restrictions.

5

31. When Plaintiff answered the phone, she said "hello" at least four times into the telephone before anyone appeared on the telephone.

32. During the call, Defendant Wahab Global made a scripted sales pitch to Plaintiff regarding home security and monitoring services.

33. During a later call, a telemarketing representative for Defendant Wahab Global told Plaintiff he was having an issue with the "dialer."

34. All of these facts indicate that the calls were made with an automatic telephone dialing system as that term is defined in 47 U.S.C. § 227(a)(1).

35. Shortly after the first call ended, Defendant Wahab Global made another telemarketing call to Plaintiff's same cellular telephone line.

36. During that call, Plaintiff was transferred to Aaron Burlingame, a "security specialist" at PAI.

37. On that call, Mr. Burlingame told Plaintiff that "protectamerica.com" was the company's website.

38. That website is owned and operated by Defendant PAI.

39. Mr. Burlingame later sent Plaintiff an e-mail from the address "IS25@protectamerica.com," an address belonging to Defendant PAI.

40. Mr. Burlingame also told Plaintiff that Defendant Wahab Global placed the call to her, and that it operated out of the State of Washington – further evidence of the Defendants' spoofing, given the fact that the caller ID displayed a Virginia area code.

41. Mr. Burlingame told Plaintiff that Defendant Wahab Global was a "lead generator" for Defendant PAI, paid to generate sales leads for PAI.

6

42. Plaintiff told Mr. Burlingame that her number was on the National Do Not Call Registry and was a wireless number that could not be autodialed without her consent.

43. She asked that her number be placed on Defendant PAI's internal Do Not Call list, and that she participated in the illegal call in order to determine who placed the call so that the calls would stop.

44. Despite this request, "Joey" with Defendant PAI called her on May 27, 2018 in order to sell her PAI's alarm services.

45. Plaintiff and all class members were harmed by these calls in that they were temporarily deprived of legitimate use of their phones, and their privacy and seclusion was invaded.

46. Plaintiff did not give the Defendants prior express written consent to place the telemarketing calls.

47. In fact, before she filed suit, Plaintiff wrote the Defendants requesting any evidence they had of her prior express written consent to make these calls. The Defendants did not provide that information.

***Defendant PAI is Vicariously Liable for Illegal Calls Placed by Wahab Global***

48. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls.

49. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

50. The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

51. The FCC reaffirmed this in 2013, when it held (a) with respect to violations of § 227(b), a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties, and (b) with respect to violations of § 227(c), a seller may be liable under those same principles, and, under the express terms of the statute, for calls placed "on behalf of" the seller. *In re Joint Pet. Filed by Dish Network,* 28 FCCR 6574 (2013).

52. Under these principles, Defendant PAI is vicariously liable for illegal calls placed by Defendant Wahab Global and other telemarketers.

**Class Action Allegations**

53. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of all other persons or entities similarly situated throughout the United States.

54. The classes of persons Plaintiff proposes to represent include:

<u>CLASS 1:</u>

    All persons within the United States to whom, within the four years prior to the filing of this action, Defendants placed a call on his or her cellular telephone line, using equipment that has the capacity to dial numbers automatically without human intervention, attempting to sell Defendants' goods or services and where Defendants' records do not indicate prior express consent from the recipient.

CLASS 2:

    All persons within the United States whose telephone numbers were listed on the Do Not Call Registry, and to whom, at any time within the four years prior to the filing of this action, more than one call within any twelve-month period was placed by or at the direction of Defendants called to promote the sale of Defendants' products or services.

55. Excluded from the classes are the Defendants, any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

56. The proposed class members are identifiable through phone records and phone number databases that will be obtained through discovery.

57. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

58. Plaintiff is a member of the classes.

59. There are questions of law and fact common to Plaintiff and the proposed class, including but not limited to:

    a. Whether the Defendants used an ATDS to send telemarketing calls;

    b. Whether the Defendants placed telemarketing calls without obtaining the recipients' valid prior express written consent;

    c. Whether the Defendants' placed more than one call within a 12-month period to numbers on the Do Not Call Registry;

    d. Whether the Defendants' violations of the TCPA were negligent, willful, or knowing; and

    e. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendants' actions.

60. Plaintiff's claims are based on the same facts and legal theories, and therefore are typical of, the claims of class members.

61. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the classes, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

62. The actions of the Defendants are applicable to the classes and to Plaintiff.

63. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and through reliable databases.

64. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

65. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Legal Claims**

**Count One:**
**Violation of the TCPA's provisions**
**Prohibiting Autodialer Calls to Cell Phones**

66. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

67. The Defendants violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone number assigned to a cellular telephone service, or (b) by the fact that others caused the initiation of those calls on their behalves.  *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

68. The Defendants' violations were negligent and/or knowing.

## Count Two:
## Violation of the TCPA's Do Not Call Provision

69. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

70. The Defendants violated the TCPA by (a) initiating more than one telephone call to the Plaintiff in a twelve-month period while her number was on the National Do Not Call Registry or (b) by the fact that others caused the initiation of those calls on their behalves.  *See* 47 U.S.C. § 227(c).

71. The Defendants' violations were negligent and/or knowing.

## Relief Sought

Plaintiff requests the following relief:

A. That the Court certify the proposed classes;

B. That the Court appoint Plaintiff as class representative;

C. That the Court appoint the undersigned counsel as counsel for the class;

D. That the Court enter a judgment permanently enjoining the Defendants from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

E. That, should the Court permit Defendants to engage in or rely on telemarketing, it enter a judgment requiring them to adopt measures to ensure TCPA compliance, and that the

11

Court retain jurisdiction for a period of six months to ensure that the Defendants comply with those measures;

F. That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendants' compliance with the TCPA;

G. That the Court enter a judgment finding that Defendants are jointly and severally liable to Plaintiffs and all class members for all violations arising from the calls;

H. That Defendants and their agents, or anyone acting on their behalves, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

I. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation;

J. That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

K. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiffs requests a jury trial as to all claims of the complaint so triable.**

                                       Diana Mey,
                                       By Counsel,

 /s/John W. Barrett
John W. Barrett (WV Bar No. 7289)
Sharon F. Iskra (WV Bar No. 6582)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
siskra@baileyglasser.com

Edward A. Broderick (*pro hac vice pending*)
Anthony Paronich (*pro hac vice pending*)
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone:  (617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue (*pro hac vice pending*)
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

13